UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY H. CHEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No. 25-cv-03790-EMC   (EMC)<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Docket No. 24 |

Plaintiffs, on behalf of a class, filed suit against Defendant Bank of America for violations of the Electronic Fund Transfer Act. Plaintiffs allege that Defendant improperly refused to apply the protections of the EFTA to their disputed transactions on the basis that the disputed transactions were wire transfers. Defendant moves to dismiss, arguing that (1) the EFTA does not apply to wire transfers, and (2) Plaintiffs have failed to adequately plead an unauthorized transfer. Because Plaintiffs have failed to adequately plead their claims, Plaintiffs' claims are **DISMISSED** with leave to amend.[1]

**I.    FACTUAL BACKGROUND**

Plaintiffs Ricky Chen and Amin Wu allege that on September 16, 2024, they were "victimized by unauthorized electronic fund transfers" from their BoA accounts. Dkt. No. 1 ¶ 28. These transfers "sent" $78,000 and $28,000 to an unknown third-party "Ship N Slide LLC." *Id.* ¶¶ 30, 31. Plaintiffs allege that they "did not perform, authorize, or benefit" from the transfers. *Id.* at 33. Beyond this, the Complaint does not provide any further details on how the transactions

---

[1] The Court makes no ruling on the statutory construction of Section 7(B) of the EFTA at this time.

1 occurred.

2     The same day, Plaintiffs disputed the transfers with BoA. On September 27, BoA responded that it would not fulfill their claim, stating that its investigation showed that "the transaction in question was completed using a device that is consistent with previous valid account activity," and that "the transaction in question was performed by an authorized signer on the account." *Id.* ¶ 35. BoA separately responded on December 5, stating that "the transaction in question was confirmed valid by you via (SMS /MMS) text message response or speaking directly with Fraud Detection employee. Our investigation found that the transaction in question was completed using a device that is consistent with previous valid account activity." *Id.* ¶ 36.

    After Plaintiffs appealed the decision, BoA maintained its position "that no bank error occurred in the management of [Mr. Chen's] account as the transactions were sent in accordance with [Mr. Chen's] instructions we received." *Id.* ¶ 38. BoA further stated "We regret learning that you may have been the victim of a scam. Although no one expects to be victimized, it is important for consumers to be aware of the circumstances under which they transact business. Bank of America will fully cooperate with any law enforcement agency if we are contacted about a fraud investigation." *Id.*

## II.    LEGAL STANDARD

    A complaint that fails to state a claim for relief may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). To overcome a Rule 12(b)(6) motion to dismiss after the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a plaintiff's "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). The court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But "allegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing

party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

### III. DISCUSSION

Defendant argues that Plaintiffs have failed to adequately allege an "unauthorized electronic fund transfer" for the purpose of applying the EFTA. The EFTA defines an "unauthorized electronic fund transfer" as "an electronic fund transfer from a consumer's account initiated by a person other than the consumer without actual authority to initiate such transfer and from which the consumer receives no benefit." 15 U.S.C. § 1693a(12). When consumers are induced by a fraudster to initiate a transfer, that transfer is not "unauthorized" under the EFTA. *See, e.g.*, *Tristan v. Bank of America*, 2023 WL 4417271, at *10 (C.D. Cal. June 28, 2023) (dismissing EFTA claim where plaintiff initiated transfers at third party's request); *Sanchez v. Navy Federal Credit Union*, 2023 WL 6370235, at *22-23 (C.D. Cal. Aug. 14, 2023) ("The plain meaning of 'unauthorized' thus includes transactions where the fraudster gains access to the account and 'initiates' the transfer without authority, and excludes transactions where the consumer chooses to initiate a transfer to another individual, even if that person turns out to be a fraudster."). For the EFTA to apply, therefore, Plaintiffs must have plausibly alleged that the transfer was physically initiated by someone other than themselves.

Plaintiffs' complaint is heavy on legal argument but thin on allegations as to the actual transfers at issue. The Complaint uses primarily passive language to describe the transfers. *See* Dkt. No. 1 ¶¶ 8-9, 28 (plaintiffs were "victims of … bank fraud" and "were victimized by unauthorized electronic fund transfers"); *Id.* ¶¶ 9-10 ("transfers made"; transfers "were … initiated"; transfers "involved debits from Plaintiffs' accounts"); *id.* ¶ 28 ("transfers were initiated electronically through Plaintiffs' online banking login"). The Complaint fails to provide any details on *how* the transfers were initiated, except second-hand through the Bank of America's

3

1 correspondence with Plaintiffs.  That correspondence states that the transactions were "completed using a device that is consistent with previous valid account activity," and that "the transactions in question were confirmed as valid by text message response or speaking directly with our Fraud Detection Department." *Id.* at ¶¶ 35, 40.

Plaintiffs rely on their allegation that "Plaintiffs did not perform, authorize, or benefit from those transactions." *Id.* ¶ 33.  But pleading that Plaintiffs did not "authorize" the transfers is conclusory.  As the briefing herein on the competing interpretations of the EFTA demonstrates, there are difficult and complex legal issues at stake.  Before the Court undertakes that task, there should be greater certainty that the EFTA actually applies.  As pled, the complaint does not sufficiently allege Plaintiffs' claims of unauthorized transfer.  Defendant's motion is therefore **GRANTED** with leave for Plaintiffs to amend.  Any amendment shall be filed within 30 days.

**IT IS SO ORDERED**.

Dated: October 20, 2025

_____
EDWARD M. CHEN
United States District Judge